**Fred Geiselman et al., Appellants, v. John Roddinghaus, Appellee.**

1. AGENCY—*when agent personally liable.* If an agent acts for a principal but fails to disclose the principal or to disclose that he is acting for a principal and the person contracted with does not know that the agent is acting for the principal, then the agent becomes personally liable upon the contract.

2. CONTRACTS—*when custom cannot be invoked.* A custom cannot be invoked to avoid a settled rule of law.

Action commenced before justice of the peace. Appeal from the Circuit Court of Montgomery county; the Hon. PAUL McWILLIAMS, Judge, presiding. Heard in this court at the November term, 1909. Reversed and remanded. Opinion filed October 18, 1910.

LANE & COOPER, for appellants.

HILL & BULLINGTON, for appellee; H. C. STUTTLE, of counsel.

Geiselman v. Roddinghaus, 158 Ill. App. 316.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

Fred Geiselman and John Geiselman were partners in the business of operating a corn sheller.

John Roddinghaus was a tenant farmer upon the farm of one Ada Zimmerman in Montgomery county, Illinois. Roddinghaus rented the farm from Mrs. Zimmerman for grain rent. Upon the farm was a corn crib which belonged to Mrs. Zimmerman and in which her corn as landlord was stored.

There is a dispute as between the landlord and the tenant as to whose duty it was or upon whom the obligation of shelling the corn in this crib was placed, Roddinghaus contending that the landlord was to pay for the shelling of the corn and the landlord contending that Roddinghaus, the tenant, was to deliver the corn at the market, free of expense to her. However this may be, Roddinghaus secured appellants to shell this corn.

Appellants had no conversation whatever with Mrs. Zimmerman in regard to the shelling of the corn. After it was shelled and when payment was asked of Roddinghaus, the tenant, he informed appellants that it was Mrs. Zimmerman's corn and that it was her obligation and declined to pay appellants; appellants contending appellee having secured their services and that they performed the work upon his request, that he did not disclose that he was acting for or representing Mrs. Zimmerman in the matter and that by reason thereof, appellee was liable for the payment for the work done. The amount is small, involving originally only $12.50.

The cause was tried originally before a justice of the peace and twice in the Circuit Court; the last trial in the circuit court resulted in a verdict and judgment for appellee and it is to reverse that judgment this appeal is prosecuted.

The grounds urged for reversal are that the trial court erred in admitting evidence over objection of appellants regarding an alleged custom in existence in that locality as to whether the landlord or tenant should pay for the shelling of the landlord's corn and in giving erroneous instructions on behalf of appellee.

While the amount involved in this case is small and we very much dislike to disturb the finding of a jury where the amounts involved are so trifling, yet we feel that justice requires that the case should be determined upon its merits. The only questions involved in this case and the only ones which should have been submitted to the jury were whether or not appellee was acting as the agent for his landlord, Mrs. Zimmerman, in the procurement of the services of appellants to shell this corn and whether or not if acting as such agent he disclosed the agency or whether or not appellants knew or were informed at the time of the employment that the corn to be shelled belonged to Mrs. Zimmerman and that appellee was acting for her.

Appellants insist that the contract was made with the tenant, Roddinghaus, and that the services of appellants were secured by him without disclosing that Roddinghaus was acting as the agent for Mrs. Zimmerman or informing appellants that the work was to be done for Mrs. Zimmerman and that appellants did not know and were not informed that Mrs. Zimmerman was interested in any way in the procurement of the shelling of this corn, and it is upon this theory that the suit was brought and tried by appellants.

The rule of law is well settled in this state that if an agent acts for a principal and fails to disclose the principal or disclose that he is acting for a principal and the person contracted with does not know that the agent is acting for a principal, then the agent becomes liable upon the contract (Wheeler v. Reed, 36 Ill. 81; Scaling v. Knollin, 94 Ill. App. 443; Loehde v. Halsey, 88 Ill. App. 452), and recovery may be had from the agent,

and in this case if the employment was made as insisted upon by appellants, and appellee did not disclose that he was acting for Mrs. Zimmerman and did not inform appellants Mrs. Zimmerman was to pay the price of the shelling, and appellants did not know that Roddinghaus was acting as the agent for Mrs. Zimmerman in this transaction, then the question of the rights of the parties must be determined solely upon the contract and no custom, even if one did exist as is claimed by appellee, could affect the rights of the parties herein. A custom cannot be invoked to avoid a settled rule of law (Entwhistle v. Henke, 211 Ill. 273, Bissell v. Ryan, 23 Ill. 517), and it was error in the trial court to admit evidence of the alleged custom, and the court erred in instructing the jury in regard to such alleged custom. For these errors the judgment must be reversed and the cause remanded.

*Reversed and remanded.*