# Harry Mace, Defendant in Error, v. J. Sherman McChesney, Plaintiff in Error.

## Gen. No. 16,469.

PRINCIPAL AND AGENT—*when agent personally liable.* "If an agent act for a principal and fails to disclose the principal, or disclose that he is acting for a principal, and the person contracted with does not know that the agent is acting for a principal, then the agent becomes liable on the contract and recovery may be had from the agent."

Error to the Municipal Court of Chicago; the HON. ARNOLD HEAP, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed May 23, 1912.

E. H. MORRIS and W. L. HOUSTON, for plaintiff in error.

ELDRIDGE & ROSE, for defendant in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

Harry Mace, defendant in error and hereinafter referred to as plaintiff, recovered a judgment in the Municipal Court of Chicago against J. Sherman McChesney, plaintiff in error and hereinafter referred to as defendant, in the sum of $50, for services rendered in appraising the value of certain buildings destroyed by fire at Geneva, Illinois, in November, 1909. The trial was had before the court without a jury. The buildings were owned by Mrs. Isabelle McChesney, mother of defendant.

Defendant asks this court to reverse the judgment because he says if any one is liable to plaintiff it is his mother and not he.

It is unnecessary here to mention the testimony of the several witnesses. The evidence tends to show that some of the buildings destroyed by the fire were covered by insurance; that others, likewise destroyed, were not so covered; that defendant employed plaintiff to appraise the value of those buildings not covered by insurance; that plaintiff rendered the services; that the sum of $50 is a reasonable charge for such services; that at the time plaintiff commenced his work defendant did not disclose to him that Mrs. McChesney was the owner of said buildings; that plaintiff did not ascertain that fact until he had completed his work, and that during the performance thereof plaintiff supposed he was working for defendant, as the owner of said buildings.

"It is well settled in this state that if an agent acts for a principal and fails to disclose the principal or disclose that he is acting for a principal, and the person contracted with does not know that the agent is acting for a principal, then the agent becomes liable on the contract, and recovery may be had from the agent." Geiselman v. Roddinghaus, 158 Ill. App.

316, 318; Wheeler v. Reed, 36 Ill. 81, 90; Bickford v. First National Bank, 42 Ill. 238.

The judgment of the Municipal Court is affirmed.

*Affirmed.*